UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23760-BLOOM/Louis

ALONSO HUMBERTO PERRY,

    Plaintiff,

v.

STATE OF FLORIDA, *et al.*,

    Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon *pro se* Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. [3] ("Motion"), filed in conjunction with Plaintiff's Complaint, ECF No. [1] ("Complaint"). The Court has carefully considered the Motion, the Complaint, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Complaint is dismissed, and the Motion is denied as moot.

Plaintiff has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis* ("IFP")). Permission to proceed *in forma pauperis* is committed to the sound discretion of the

court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 916 (11th Cir. 2014) ("A district court has wide discretion in ruling on an application for leave to proceed IFP."). However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp*, 798 F.2d at 437.

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under Section 1915(e)(2)(B), the Court must dismiss the complaint.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency

accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

The Complaint fails to state an actionable claim and, therefore, dismissal is appropriate. The Complaint is comprised of three pages of text in which Plaintiff asserts that he seeks $162.5 billion and a "total of" $567.7 billion for "federal law of beatings and abuses of Florida residents against law enforcement" with a purported time period listed as August 20, 2020 to July 29, 2038. ECF No. [1] at 6. No actual details or facts of any kind are set forth to describe the underlying matter for which Plaintiff seeks redress. As best can be construed from the Complaint, Plaintiff "sue[s] for another release from obligation to Satan" and he "command[s] [himself] to receive all known cereals to govern [his] healing[.]" *Id.* at 2. The Court is unclear how the matters discussed in pages one and two of the Complaint relate to "beatings and abuses." Simply put, the Complaint fails to allege any facts setting out a discernable cause of action[1] other than perhaps vague references to Plaintiff's desire to "resolve" his prison term and "be free[.]" *Id.* at 1-2. Although the Court construes *pro se* pleadings under a more relaxed pleading standard, the Complaint fails to pass muster under its present form. Because the Court cannot ascertain any meritorious or plausible claim for relief from Plaintiff's allegations, the instant action must be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.

---

[1] The civil cover sheet, ECF No. [1] at 9, checks off a box for motions to vacate sentence, but the document also says "NA ALL" written across the top.

3

2. The Motion, **ECF No. [3]**, is **DENIED AS MOOT**.

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of September, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Alberto Humberto Perry
T04419
Dade Correctional Institution
Inmate Mail/Parcels
19000 SW 377th Street
Florida City, FL 33034